UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTIAN CRUCENA,<br><br>　　　　　　　　　Defendant. | Case No.: 11-cr-02033-DMS-3<br><br>**ORDER RE AMENDED JUDGMENT** |

Pending before the Court is a letter from the Bureau of Prisons ("BOP") concerning how to administer Defendant Christian Crucena's federal sentence in conjunction with his California state sentence. (ECF No. 184.) Specifically, BOP requests guidance from the Court on whether the federal sentence should run consecutively to or concurrently with the state sentence. After reviewing the record, the Court finds that the federal sentence should run **consecutively** to the state sentence and hereby notifies the Parties of the Court's intent to issue an amended judgment to clarify the sentence.

### I.　　BACKGROUND

On January 4, 2012, Defendant pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. (ECF No. 80.) On April 19, 2012, this Court sentenced Defendant to a 188-month term of imprisonment. (ECF No. 105.) In a letter to this Court dated July 20, 2023, BOP explained that Defendant has requested credit for time spent in service of a California state sentence. (ECF No. 184.)

BOP explained that it interpreted Defendant's request as a request for a retroactive designation to deem his federal sentence as running concurrently with the state sentence. (*Id.*) To assist with its determination, BOP requests this Court's guidance on whether the federal sentence should run consecutively to or concurrently with the state sentence. (*Id.*) The letter from BOP was filed on the public docket and served upon all parties and counsel of record. (*Id.*)

## II.   LEGAL STANDARD

A sentencing court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, "[a]fter giving any notice it considers appropriate, the court may *at any time* correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). Rule 36 permits a court "to correct a written judgment that conflicts with the court's oral pronouncement at the sentencing hearing." *United States v. Palacios*, No. 05CR2203 IEG, 2007 WL 2410389, at *2 (S.D. Cal. Aug. 13, 2007) (citing *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 923 n.4 (9th Cir. 2001)).

## III.   DISCUSSION

The Court has reviewed the record in this case and concludes that it intended to impose a sentence of 188 months to run consecutively to any state sentence. At the sentencing hearing, the Court determined that the guideline range for the offense was 235 to 293 months. The United States recommended a ten-month downward departure from the low end of the guideline range to account for the ten months during which Defendant was under California's jurisdiction while housed in a federal facility prior to his sentencing. (*See* United States Opp'n to Def.'s Sentencing Mem. at 5, ECF No. 98.) The Court's 188-month sentence reflected this and other variances. The sentence imposed already takes into account state custody credit for the time Defendant spent in state custody.

The Court has jurisdiction to make this clarification at this time. In the original Judgment, the Court omitted that the sentence imposed was to run consecutively to any

state sentence.  The effect of this Order, therefore, is to correct a "clerical error or omission" in the Judgment rather than to make a "substantive amendment" to it.  *United States v. Meeks*, No. 6:17-CR-70-CHB-6, 2023 WL 5111950, at *6 (E.D. Ky. Aug. 9, 2023) (explaining that a district court lacks jurisdiction to make a "substantive amendment" to a judgment under Rule 36).

### IV.   CONCLUSION AND ORDER

Accordingly, the Court determines that Defendant's federal sentence should run **consecutively** to any state sentence.  On or before **September 15, 2023**, either party may file an objection to the Court's determination.  *See* Fed. R. Crim. P. 36 (a court may fix a clerical error in a judgment only after giving "appropriate" notice); *see also United States v. Powell*, No. 5:20-CR-00389-M-2, 2023 WL 4711074 (E.D.N.C. July 24, 2023) (providing notice to the parties of the court's intent to issue an amended judgment to correct a clerical error under Rule 36).  Absent any objection, the Clerk shall prepare and file an Amended Judgment stating that Defendant's 188-month sentence is to run **consecutively** to any state sentence.

**IT IS SO ORDERED.**

Dated:  September 1, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court