UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 11-cr-02033-DMS-3 |
|---|---|
| Plaintiff, | **ORDER CLARIFYING SENTENCE** |
| v. | |
| CHRISTIAN CRUCENA, | |
| Defendant. | |

Pending before the Court is a letter from the Bureau of Prisons ("BOP") concerning how to administer Defendant Christian Crucena's federal sentence in conjunction with a separate California state sentence. (BOP Letter, ECF No. 184.) Specifically, BOP requests guidance from the Court on whether the federal sentence should run consecutively or concurrently to the state sentence. On September 1, 2023, the Court tentatively determined that it had intended for the federal sentence to run consecutively to the state sentence and issued an order giving the Parties notice of the Court's intent to issue an amended judgment to that effect. (Order dated September 1, 2023, ECF No. 185.) However, after considering Defendant's objection, the Parties' subsequent filings in response, and oral argument on this matter, the Court now concludes that the federal sentence should run **CONCURRENTLY** to the state sentence.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On April 28, 2010, San Diego Police arrested Defendant on charges related to his

possession of methamphetamine following a DEA-arranged controlled purchase ("the 2010 incident"). Defendant was charged in state court and released from state custody on November 4, 2010. On March 3, 2011, Defendant was rearrested on separate and unrelated drug charges ("the 2011 incident") and placed in state custody. On May 20, 2011, Defendant was indicted in federal court on drug trafficking charges stemming from the 2010 incident, and state charges related to the 2010 incident were dropped.

On January 4, 2012, the Defendant reached a plea agreement and pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. (Plea Agreement, ECF No. 80.) Relevant here, the agreement provided:

> The parties further agree that, if defendant is sentenced in the instant matter after he is sentenced in San Diego Superior Court case SCD232733, the parties will recommend that the Court order the sentence in the instant matter to run concurrently to the sentence in San Diego Superior Court . . . .

(Plea Agreement at 8.) On April 19, 2012, this Court sentenced Defendant to a 188-month term of imprisonment. (ECF No. 105.) On May 9, 2012, Defendant was sentenced to a 2-year term of imprisonment in state court for charges related to the 2011 incident. On May 29, 2012, Defendant satisfied his state sentence obligation and was transferred to federal custody to serve his federal sentence.

In a letter to this Court dated July 20, 2023, BOP explained that Defendant has requested credit for time spent in service of a California state sentence. (ECF No. 184.) BOP interpreted the request as a request for a retroactive designation to deem Defendant's federal sentence as running concurrently with the state sentence. (*Id.*) BOP requests this Court's guidance on whether the Court intended the federal sentence to run consecutively or concurrently to the state sentence. (*Id.*) The letter from BOP was filed on the public docket and served upon all parties and counsel of record. (*Id.*)

On September 1, 2023, the Court issued an order explaining that the Court had intended to issue an amended judgment pursuant to Rule 36 to clarify that the federal sentence should run consecutively to the state sentence. The Court allowed either party to file an objection by September 15, 2023. Counsel for Defendant timely filed an objection

on September 15, 2023. (ECF No. 187.) On October 6, 2023, the Court set this matter for hearing on October 27, 2023, and invited the United States to file a response to Defendant's objection. The United States filed a response on October 19, 2023. (ECF No. 189.) On October 20, 2023, Defendant moved for to leave to file a reply to the United States' reply. (ECF No. 190.) The Court granted leave and accepted Defendant's lodged reply as filed. (ECF No. 190-1.) On October 26, 2023, Defendant filed an additional exhibit in support of his objection. (ECF No. 193.) The Court heard argument on October 27, 2023.

## II. DISCUSSION

The Court made no determination at Defendant's sentencing hearing as to whether the sentence should run concurrently or consecutively to the anticipated but not-yet-imposed state sentence, and neither party had asked the Court to designate the sentence as concurrent or consecutive. Due to the state of the law when the parties reached the plea agreement and uncertainty regarding the Supreme Court's then-recently issued decision in *Setser v. United States*, 566 U.S. 231 (2012), it is likely that the Parties and the Court alike believed the Court lacked authority to order the federal sentence to run concurrently or consecutively to a not-yet-imposed state sentence. However, after a thorough review of the sentencing hearing and the Parties' plea agreement, the Court determines that if the Parties believed the Court had the power to do so, the Parties likely would have jointly recommended the Court to impose a concurrent sentence. Accordingly, the Court now concludes that the federal sentence should run **CONCURRENTLY** to the state sentence.

### A. Defendant's Sentencing Hearing

As noted, Defendant's plea agreement contained conditional language indicating that the parties agreed to recommend concurrent sentences *if* the state sentencing occurred first. (*See* Plea Agreement at 8.) As Defendant points out, this was likely due to the legal context within which the parties reached the plea agreement: when the plea agreement was signed, district courts within the Ninth Circuit lacked discretion to designate a federal sentence as running consecutively to or concurrently with an anticipated but not-yet-imposed state sentence. *See Setser*, 566 U.S. at 236 & n.2; *Taylor v. Sawyer*, 284 F.3d

1143, 1148 (9th Cir. 2002) ("At the time of the federal sentencing, the state had not yet imposed a sentence, and thus the district court did not have the discretion to characterize the sentence it imposed as either consecutive or concurrent."), *overruled by Setser*, 566 U.S. In *Setser*, the Supreme Court held that a district court has discretion to order a federal sentence to run consecutively to or concurrently with other sentences imposed or anticipated in other proceedings, including in state court. *See Setser*, 566 U.S. at 233–39. The Supreme Court issued its decision in *Setser* on March 28, 2012—nearly three months *after* Defendant pled guilty pursuant to his plea agreement, but several weeks *before* this Court imposed Defendant's sentence. *See generally Setser*, 566 U.S.

The Parties jointly recommended a 10-month downward variance from the low end of the guideline range to account for the ten months during which Defendant was under California's jurisdiction while housed in a federal facility prior to his sentencing. (*See* Tr. of Sentencing Hr'g at 3, ECF No. 151.) The Court imposed a sentence of 188 months which reflected this and other variances. (*Id.* at 3, 16.) However, as Defendant explains, the purpose of the downward departure accounting for the time Defendant spent in pre-sentencing custody was to "remedy[] the possible injustice" of having Defendant "receive *no* credit for the ten months he had spent in pre-sentencing custody." (Def.'s Reply at 2, ECF No. 190-1.) The Court concluded that it would be unfair for Defendant to receive no federal credit for that time. But as Defendant correctly notes, the Court's decision to grant a downward variance to account for the time Defendant spent in pre-sentencing custody goes to the length of the federal sentence. The question of whether the sentence should run consecutively or concurrently is separate and distinct.

At sentencing, the Court was silent on whether the federal sentence should run concurrently or consecutively. In determining whether to impose a concurrent or consecutive sentence, the district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3584(b). Section 5G1.3 of the United States Sentencing Guidelines provides further criteria for the Court to consider when determining whether to impose a consecutive

or concurrent sentence. "Sentencing courts are . . . required to give careful consideration to each of the factors specifically enumerated in the guideline and determine, based on those factors, whether a concurrent, partially concurrent, or consecutive sentence will achieve a 'reasonable punishment' and 'avoid unwarranted disparity.'" *United States v. Luna-Madellaga*, 133 F.3d 1293, 1296 (9th Cir. 1998). The Court performed no such analysis to determine whether the sentence was intended to run consecutively or concurrently. This confirms that the Court was silent at the sentencing hearing as to whether the sentence should run consecutively or concurrently.

### B. Whether Sentence Should Run Concurrently

However, after a thorough review of the record, the Parties' filings, and oral argument on this matter, the Court concludes that the federal sentence should run **CONCURRENTLY** to the state sentence. Defendant argues the "plain meaning of the plea agreement" was that the parties "jointly recommend" that the Court impose concurrent sentences if the Court had the power to do so. (Def.'s Reply at 4.) The Court agrees. At the sentencing hearing, the Court suggested it would follow the sentencing recommendations in the plea agreement. (Tr. of Sentencing Hr'g at 3.) At the time of Defendant's sentencing hearing, "the *only* relevant recommendation urged the Court to run the sentence *concurrent* to the state sentence." (Def.'s Obj. at 3, ECF No. 187.) No party ever contemplated recommending a consecutive sentence.[1] Considering all of this, the Court determines it would have ordered the federal sentence to run concurrently to the state sentence if the implications of *Setser* had been clear to the Court and the parties.

### C. Jurisdiction to Issue Amended Judgment

A sentencing court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. §

---

[1] In its letter to the Court, the BOP explained: "The state information received by the Bureau indicates the [state] court intended the sentence to run concurrently with the federal sentence." (BOP Letter at 2.) The Court find this to be further evidence of the Parties' intent to jointly recommend concurrent sentences.

3582(c)). "[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). However, a change made under Rule 36 "can do no more than conform the sentence" to the oral pronouncement made at the sentencing hearing. *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).

The Court concludes that it lacks jurisdiction under Rule 36 to issue an amended judgment clarifying that the sentence should run concurrently. The Court never addressed the issue of whether the sentence should run concurrently or consecutively at the sentencing hearing. Making such a clarification at this time would go beyond bringing the written judgment in conformity with the oral pronouncement of the sentence and would instead amount to a "substantive amendment." *United States v. Meeks*, No. 6:17-CR-70-CHB-6, 2023 WL 5111950, at *6 (E.D. Ky. Aug. 9, 2023) (a district court lacks jurisdiction to make a "substantive amendment" to a judgment under Rule 36). Accordingly, the Court will not issue an amended judgment, but hereby **CLARIFIES** to the Bureau of Prisons that the federal sentence should run **CONCURRENTLY** to the state sentence.

### III.   CONCLUSION

For the reasons specified above, the Court concludes that Defendant's federal sentence should run **CONCURRENTLY** to the state sentence. The Court directs the Clerk to serve a copy of this Order upon the Bureau of Prisons. This Order supersedes the Court's Order dated September 1, 2023 (ECF No. 185).[2]

**IT IS SO ORDERED.**

Dated: November 1, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] *United States v. Crucena*, No. 11-CR-02033-DMS-3, 2023 WL 5674116 (S.D. Cal. Sept. 1, 2023).